**IN THE MATTER OF THE APPLICATION OF THE ASSISTANT COMMISSIONER OF SOCIAL WELFARE, FOR THE TEMPORARY CARE, CONTROL AND CUSTODY OF: KENYATA HORSFORD and JAMMALA HORSFORD, Minors**

Civil No. 1984/242

Terr. Ct. Fam. C29/84

District Court of the Virgin Islands

Div. of St. Croix

Appellate Division

January 24, 1986

SHARON MCGAHEE, ESQ., Assistant Attorney General (Department of Law), Christiansted, V.I., for appellant Department of Social Welfare

NANCY V. YOUNG, ESQ., Christiansted V.I., for appellants Kenyata and Jammala Horsford

ANTOINE L. JOSEPH, ESQ., Frederiksted, V.I., for respondent Ruth Ogarro

O'BRIEN, Judge

## MEMORANDUM OPINION

The issue presented in this appeal from the family division of the territorial court is whether an adjudicatory hearing is an indispensable procedure in child abuse cases. We find that it is and reverse the family court's premature dismissal of the case. Furthermore, we remand this matter for further proceedings consistent with this opinion.

## I. FACTS

On June 6, 1984, 7-year-old Kenyata Horsford showed up for school with a badly swollen split lip. The school authorities summoned the police and Kenyata told them that his mother hit him in the mouth with a board. Apparently he had tracked dirt into the house.

Subsequent investigation revealed that the police had received reports on at least two prior occasions that Ruth Ogarro abused Kenyata and his younger sister, Jammala. As a result, the children were removed from their mother's custody and placed temporarily with their maternal grandmother.

As required by the territory's child abuse statutes, the Department of Social Welfare filed an abuse petition with the family division of the territorial court and a hearing was held soon after.

During the course of this hearing, the episodes of abuse were established through the testimony of police officers, social workers and the children's grandmother. The Government requested that the children remain with their grandmother pending a final determination.

The court, however, dismissed the case upon finding that the evidence did not show that the mother posed a threat of imminent death or serious injury to the children.

175

The Government and the children, through their appointed guardian, now appeal this ruling arguing that dismissal is inappropriate in abuse proceedings until the allegations are litigated in an adjudicatory hearing.

## II. DISCUSSION

The procedure for conducting abuse and neglect matters is codified in 5 V.I.C. § 2532 et seq. (1984 Supp.). There are two mechanisms with which to initiate a complaint against an allegedly abusive parent.

██ Normally, the matter begins with the filing of a petition. 5 V.I.C. § 2548(a) (1984 Supp.). In emergency situations, however, § 2544 authorizes the Government to take custody of the child summarily. In such cases, there must be probable cause to believe that "the child is neglected or abused and the child is in imminent danger." 5 V.I.C. § 2544(a). A petition justifying the seizure of the child and the need for continued custody must be filed within two days. 5 V.I.C. § 2544(c) (1984 Supp.). In the next 10 days, the family court must hold a probable cause hearing to determine whether "the child is neglected or abused and the child is in imminent risk of death or serious injury and that removal is necessary until a final order of disposition." 5 V.I.C. § 2544(d) (1984 Supp.). The primary issue at this juncture is whether the parent should be denied custody pending a final dispositional hearing. See Committee Comments to § 2544. (Government's App. III.)

█ Finally, an adjudicatory hearing must be held within 90 days of the filing of the petition. 5 V.I.C. § 2548(a) (1984 Supp.). The family court is required in this phase to make findings of fact and law on the issue of abuse. The court must either declare the child abused or neglected, continue the case or dismiss it. 5 V.I.C. § 2502(3) (1984 Supp.). This hearing is indispensable whether the abuse matter is begun via complaint or the emergency procedure unless: good cause is shown; the parties stipulate otherwise, or they decide to continue the matter in contemplation of dismissal. 5 V.I.C. § 2548(a)(1)-(3).

█ Turning to the facts of the case, it is clear that the family court departed from the plain requirements of the statutory scheme. Dismissal of an abuse matter at the intermediary stage of the emergency procedure was unauthorized and erroneous. As noted earlier, the issue before the court was whether the child

should be returned to the home pending a final hearing. And 5 V.I.C. § 2548 makes clear that, absent an express finding of good cause,[1] the family court must hold a final hearing. Only the parties have the right to waive this requirement. See 5 V.I.C. § 2548(a)(1)–(3).

We find, therefore, that the court erred in dismissing the case upon the finding that the mother did not pose an imminent threat to her children. In enacting the abuse procedures, the legislature recognized that these matters involve the highest of stakes. Consequently, the applicable laws must be strictly followed by the family court. We reverse the court's dismissal of this case and remand it to the family court for further proceedings consistent with the procedures of 5 V.I.C. § 2532 et seq. (1984 Supp.) and this opinion.

## III. CONCLUSION

Abuse matters involve the gravest issues vested within the jurisdiction of the family court. Consequently, the court must make great efforts to ensure protection of the children. The first step is to strictly follow the statutory procedures so that a potentially dangerous situation is not prematurely dismissed from the court's attention. We reverse the dismissal and remand this matter to the family court for further proceedings consistent with 5 V.I.C. § 2532 et seq. (1984 Supp.) and this opinion.

## JUDGMENT

THE COURT having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED and DECREED:

THAT the decision of the Territorial Court be, and the same, is hereby REVERSED, and further

THAT this matter be REMANDED to the Territorial Court for further proceedings not inconsistent with this opinion.

---

[1] The court indicated at the close of the probable cause hearing that a finding of abuse was supported by the record. (Tr. 49–50.) Consequently, dismissal on the basis of good cause would be equally erroneous.